FARMER, J.,
concurring specially.
I concur in Judge May’s opinion. Defendant’s argument that the verdict originally returned by the jury (without indicating whether a firearm or a dangerous weapon had been employed) should stand breaks down when one considers the text of paragraph A. The sentence fragment preceding the number 1 is obviously incomplete and indicates beyond any doubt that the jury had two thoughts in mind. The first is that he committed the offense of attempted carjacking, and the second is that he employed something in connection with the offense that would make it an armed carjacking. Because the verdict was facially incomplete, the trial judge did not err in bringing the jury back and having them supply the missing information.
The entire problem could have been eliminated by moving the parenthetical, “(Check only one)”, into a place immediately preceding subparagraphs 1 and 2. Thus it would read:
_ A. The Defendant is Guilty of Attempted Carjacking and in the course thereof (Check only one)
[[Image here]]
Nevertheless as actually laid out it created an obvious ambiguity when the jury checked only block A but failed to indicate the nature of the weapon employed. I therefore concur.